**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| CAROL SMITH<br>4167 State Route 41<br>Manchester, OH 45144<br><br>      Plaintiff,<br><br>   v.<br><br>COLUMBUS INDUSTRIES, INC.<br>11545 State Route 41<br>West Union, Ohio 45693<br><br> **Serve Also:**<br> Columbus Industries, Inc.<br> c/o CT Corporation System (Stat. Agent)<br> 4400 Easton Commons Way, Suite 125<br> Columbus, Ohio 43219<br><br>**-and-**<br><br>ROBERT DAVIS<br>c/o Columbus Industries, Inc.<br>11545 State Route 41<br>West Union, Ohio 45693<br><br>      Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff Carol Smith, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Smith is a resident of the city of Manchester, Adams County, state of Ohio.

2. Defendant COLUMBUS INDUSTRIES, INC. ("Columbus Industries") is a domestic company that conducts business within Ohio.

3. Columbus Industries is, and was at all times hereinafter mentioned, Smith's employer within the meaning of the Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, R.C. § 4101 et seq., and R.C. § 4112 et seq.

4. Upon information and belief, Defendant ROBERT DAVIS is a resident of Ohio.

5. Defendant Davis is, and was at all times hereinafter mentioned, owner, manager, supervisor, and/or agent of Columbus Industries, and as such, an employer within the meaning of R.C. §4112.02(J).

## JURISDICTION & VENUE

6. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred at 11545 State Route 41, West Union, Ohio 45693.

7. All of the material events alleged in this Complaint occurred in or around Adams County, Ohio.

8. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and/or (3).

9. Within 300 days of the adverse employment actions described herein, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00747 ("EEOC Charge").

10. On or about August 16, 2022, the EEOC issued and mailed Notices of Right to Sue letter to Smith regarding the EEOC Charge.

11. Smith received the Notice of Right to Sue letters from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

12. Smith has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

13. Smith has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging federal law claims under the Title VII.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

17. Smith is a former employee of Columbus Industries.

18. At all times noted herein, Smith was fully qualified for, and could full perform the essential functions of, her job(s) with Columbus Industries.

19. Smith worked for Columbus Industries, beginning in Paper Stitches, from September 2021 until Columbus Industries unlawfully terminated Smith's employment on or about November 17, 2021.

20. Smith is a female/woman and was born in Wales, and thus is in protected classes for her sex/gender and national origin, respectively.

21. From day one, Smith had issues with Defendant Davis, her coworker.

22. Davis frequently made foul, sexual comments to Smith, despite her telling him to stop.

    a. These sexual comments included, but were not limited to, comments about 13-year-old girls, and how that was how Davis "like[d] [his] women."

    b. Davis also described how he "sucked men's dicks" and let them have sex with him for gas money.


23. Once, Davis stuck his fingers up his own rectum while sexually harassing Smith.

24. Smith reported Davis's conduct to Patty (Last Name Unknown), Smith's supervisor – a protected complaint of sexual harassment.

25. Patty (LNU) watched the security footage of the incident and called Davis into her office to discuss the incident with Human Resources on the phone.

26. Rather than address the incident, they discussed Davis's hygiene and, when Davis explained he did not have access to water and electricity, Patty (LNU) said that Columbus Industries would try to get him access to those utilities.

27. Upon information and belief, Davis was never reprimanded for his conduct.

28. In or around November 2021, Smith and Davis got into an altercation over his sexual comments. Smith, in the heat of the moment, insulted Davis. Davis reported Smith to management.

29. When Smith was called in to discuss the incident, she explained the circumstances and how Davis always made sexual comments to her – another protected complaint.

30. Shortly after Smith spoke with management about Davis's behavior, Davis approached Smith and told her, "Snitches go in ditches, I will kill you and rape your dead body."

31. Smith reported this sexually charged threat as soon as the front office opened that morning – another protected complaint.

32. Except for Davis, for the first few months of her employment at Columbus Industries Smith got along well with her coworkers.

33. The week before her termination, Smith was talking with her coworkers in the warehouse.

34. The subject of dual citizenship cards came up, and Smith mentioned that she was originally born in Wales.

35. Following the reveal of her national origin, the other Columbus Industries employees treated Smith differently.

    a. As a non-exhaustive list of examples, coworkers no longer spoke to Smith, nor would they sit with her at lunch.

    b. Whenever there were undesirable jobs, they were given to Smith.

    c. When another employee went home sick, Columbus Industries made everyone take a COVID-19 test.

    d. Columbus Industries called Smith to interrogate her about her test results and vaccination status. No other employee got this call.

36. Around November 13, 2021 Smith reported Davis telling her, "Snitches go in ditches, I will kill you and rape your dead body" to management – a protected complaint.

37. Patty (LNU) told Smith that Columbus Industries would investigate the matter.

38. Around November 15, 2021, Smith was moved out of the Paper Stitches department into the Oven department.

39. Smith did not want to be moved out of Paper Stitches because it meant she would work less hours and make less money. This was thus an adverse employment action against her.

40. When Smith inquired as to the status of the investigation, Columbus Industries merely said it was still being investigated.

41. Upon information and belief, Davis was never reprimanded or punished for harassing Smith.

42. On or about November 17, 2021 when Smith reported to work, she was sent home and told to call the agency that placed her in her position at Columbus Industries.

43. Smith did so and was informed that Columbus Industries had terminated her employment.

44. When Smith asked why, she was given several reasons that did not make any sense.

45. Columbus Industries claimed she kept going out into the parking lot during work, which Smith never did because she did not drive and thus never had reason to go to the parking lot.

46. Columbus Industries also claimed that Smith was "not fit to talk to customers."

47. Smith's position did not ever require her to interact with customers.

48. Columbus Industries' reasons for terminating Smith were pretextual.

49. Upon information and belief, Smith was replaced by someone outside of her protected classes.

50. Smith's termination was an adverse employment action by Defendant.

51. Smith was discriminated against and sexually harassed due to her sex/gender, and due to her opposition to Davis' sexual advances.

52. Smith was retaliated against for making complaints of discrimination and sexual harassment in the workplace.

53. Smith was actually terminated due to her sex/gender, her national origin, for refusing Davis' sexual advances, and/or in retaliation for making complaints of discrimination and sexual harassment in the workplace.

54. There was a causal connection between Smith's protected classes (gender/sex and national origin) and complaints and Columbus Industries' adverse actions taken against Smith.

55. Columbus Industries' purported reason for Smith's termination is pretext for gender/sex discrimination, national origin discrimination, and/or retaliation for making complaints of discrimination and sexual harassment in the workplace.

56. As a result of being treated disparately and being sexually harassed during her employment with Defendants, and being terminated from Defendant, Smith has had and continues to accrue damages.

## COUNT I: SEXUAL HARASSMENT
### (Defendant Columbus Industries Only)

57. Smith restates each and every paragraph of this Complaint as though it were fully restated herein.

58. Smith was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances from her Davis.

59. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

60. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendants, Smith reported the sexual harassment to Defendants.

61. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. §4112.02(A) and Title VII.

62. Davis' sexual harassment of Smith occurred while he was acting in the course and scope of his employment at Defendant.

63. Davis sexually harassed Smith. Defendant had knowledge of this harassment and failed to take any corrective or remedial action.

64. As a direct and proximate result of Defendant's conduct, Smith has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

**COUNT II: HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX/GENDER DISCRIMINATION AND SEXUAL HARASSMENT**
**(Defendant Columbus Industries Only)**

65. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. During her employment with Defendant, Smith was subjected to offensive and harassing conduct by Davis based on her sex/gender, as well as sexual harassment from Davis.

67. Defendant knew or should have known of the harassing conduct against Smith by Davis.

68. Defendant condoned, tolerated and ratified this harassing conduct.

69. This harassing conduct was severe and/or pervasive.

70. This harassing conduct was offensive to Smith.

71. This harassing conduct interfered with Smith's ability to perform her job duties.

72. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Smith.

73. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Smith.

74. As a direct and proximate result of Defendant's conduct, Smith suffered and will continue to suffer damages.

**COUNT III: GENDER/SEX DISCRIMINATION**
**IN VIOLATION OF R.C. § 4112 et seq.**
**(Defendant Columbus Industries Only)**

75. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Smith is a member of a statutorily protected class based on her gender/sex under R.C. § 4112 et seq.

77. Defendant treated Smith differently than other similarly situated employees based on her gender/sex.

78. Defendant discriminated against Smith on the basis of her gender/sex throughout her employment with the company.

79. Defendant's discrimination against Smith based on her gender/sex violates R.C. § 4112 et seq.

80. As a direct and proximate result of Defendant's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IV: GENDER/SEX DISCRIMINATION IN VIOLATION OF TITLE VII
### (Defendant Columbus Industries Only)

81. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. Smith is a member of a statutorily protected class based on her gender/sex under Title VII.

83. Defendant treated Smith differently than other similarly situated employees based on her gender/sex.

84. Defendant discriminated against Smith on the basis of her gender/sex throughout her employment with the company.

85. Defendant's discrimination against Smith based on her gender/sex violates Title VII.

86. As a direct and proximate result of Defendant's conduct, Smith suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII
### (Defendant Columbus Industries Only)

87. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Throughout her employment, Smith was fully competent to perform her essential job duties.

89. Smith was born in Wales, and therefore in a protected class for her national origin.

90. Defendant had notice of Smith's national origin.

91. Defendant treated Smith differently than other similarly situated employees based on her national origin.

92. Defendant violated Title VII by discriminating against Smith due to her national origin.

93. Columbus Industries terminated Smith without just cause.

94. Alternatively, Defendant's cited reason for Smith's termination was pretext.

95. At all times material herein, similarly situated US-born employees were not terminated without just cause.

96. Defendant terminated Smith based on her national origin.

97. Defendant violated Title VII when it terminated Smith based on her national origin.

98. Smith suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

99. As a direct and proximate result of Defendant's conduct, Smith has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT VI: NATIONAL ORIGIN DISCRIMINATION UNDER R.C. § 4112 et seq.**
**(Defendant Columbus Industries Only)**

100. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. Throughout her employment, Smith was fully competent to perform her essential job duties.

102. Smith was born in Wales, and therefore in a protected class for her national origin.

103. Defendant had notice of Smith's national origin.

104. Defendant treated Smith differently than other similarly situated employees based on her national origin.

105. Defendant violated R.C. § 4112.02(A) *et seq.* by discriminating against Smith due to her national origin.

106. Columbus Industries terminated Smith without just cause.

107. Alternatively, Defendant's cited reason for Smith's termination was pretext.

108. At all times material herein, similarly situated US-born employees were not terminated without just cause.

109. Defendant terminated Smith based on her national origin.

110. Defendant violated R.C. § 4112.01 et. seq. when it terminated Smith based on her national origin.

111. Smith suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

112. As a direct and proximate result of Defendant's conduct, Smith has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VII: RETALIATION

113. Smith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

114. As a result of the Defendant's discriminatory conduct described above, Smith complained of the discrimination, sexual harassment, and disparate treatment she was experiencing.

115. Subsequent to Smith's complaints to Defendants, Defendants took adverse employment actions against Smith, including terminating her employment.

116. Defendant's actions were retaliatory in nature based on Smith's opposition to the unlawful discriminatory conduct and sexual harassment.

117. Pursuant to R.C. § 4112.02(I) and Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

118. As a direct and proximate result of Defendant's retaliatory discrimination against and discharge of Smith, she has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (Defendant Davis Only)

119. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

120. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

121. Davis aided, abetted, incited, coerced, and/or compelled Columbus Industries' discriminatory termination of Smith.

122. Davis aided, abetted, incited, coerced, and/or compelled Columbus Industries' discriminatory treatment of Smith.

123. Davis violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

124. Smith suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

125. As a direct and proximate result of Defendant's conduct, Smith has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IX: CIVIL ACTION FOR CRIMINAL ACTS – PUBLIC INDECENCY
### (Defendant Davis Only)

126. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

127. Under R.C. § 2307.60(A)(1), "anyone inured in person or property by a criminal act has, and may recover full damages in a civil action," including attorneys' fees and punitive damages.

128. R.C. § 2907.09 provides that "no person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household: expose the person's private parts; engage in sexual conduct; engage in masturbation; and/or engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."

129. During Plaintiff's employment, Davis inserted his fingers into his rectum while sexually harassing Plaintiff.

130. During Plaintiff's employment, Davis engaged in conduct that an ordinary person would consider to be sexual in nature.

131. Davis violated R.C. § 2907.09 when he inserted his fingers into his rectum while sexually harassing.

132. Davis was acting in the course and scope of his employment during this act.

133. As a direct and proximate result of Davis's unlawful activity, Plaintiff has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

134. Davis's acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Davis and others from engaging in this type of unlawful conduct.

### COUNT X: INTENTIONAL TORT- ASSAULT
### (Defendant Davis Only)

135. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136. Davis' intentional actions (i.e., threatening to kill Plaintiff and desecrate her corpse) caused Plaintiff reasonable apprehension of an immediate harmful or offensive contact.

137. Davis was acting in the course and scope of his employment when he threatened to kill Plaintiff and desecrate her corpse.

138. As a direct and proximate result of Davis' unlawful activity, Plaintiff has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

139. Davis' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Davis and others from engaging in this type of unlawful conduct.

**COUNT XI: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

140. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

141. A clear public policy exists and is manifested in Ohio statutes, including R.C. § 4101.11 and/or § 4101.12, and/or administrative regulations, or in the common law, in favor of providing workers with a healthy and safe work environment, and against terminating an employee based on complaints of unsafe working conditions caused by violent employees.

142. As set forth above, Smith repeatedly made reports to Columbus Industries about the unethical, unlawful, and/or policy-violating behavior that was going on there, including unsafe working conditions caused by Davis.

143. Defendant's termination of Smith's employment jeopardizes these public policies.

144. Defendant's termination of Smith's employment was motivated by conduct related to these public policies.

145. Defendant had no overriding business justification for terminating Smith's employment.

146. As a direct and proximate result of Defendant's conduct, Smith suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Smith demands from Defendant the following:

a) Issue a permanent injunction:

      i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

      ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

      iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

      iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Defendant for compensatory and monetary damages to compensate Smith for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendant in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Smith's claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Evan R. McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
    Trial Attorney
Brianna R. Carden (0097961)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Carol Smith

## JURY DEMAND

Plaintiff Carol Smith demands a trial by jury by the maximum number of jurors permitted.

/s/ Evan R. McFarland
Evan R. McFarland (0096953)